UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.: 2:11-CV-640-FTM-36DNF

POSEN CONSTRUCTION, INC., a foreign
corporation,

        Plaintiff,
v.

LEE COUNTY, a political subdivision of the
State of Florida; T.Y. LIN INTERNATIONAL,
a foreign corporation; CPH ENGINEERS, INC.,
a Florida corporation; and STEPHEN N.
ROMANO, P.E., an individual,

        Defendants.
_____/

## T.Y. LIN INTERNATIONAL'S MOTION TO DISMISS BASED ON SOVEREIGN IMMUNITY AND FAILURE TO STATE A CAUSE OF ACTION

**COMES NOW** the Defendant, T.Y. LIN INTERNATIONAL (hereinafter "**TY LIN**"), a foreign corporation, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and the additional legal authorities cited herein moves this Court to dismiss Counts VI and VII of Plaintiffs Complaint for failure to state a claim upon which relief can be granted, and as grounds therefore states as follows:

### Relief Requested

TY LIN respectfully requests that Count VI (Negligent Misrepresentation) and Count VII (Negligence) of Plaintiff's Complaint against TY LIN be dismissed based on Fla. Stat.§768.28(9)(a) and (10)(e) which prohibits Plaintiff's actions on the grounds of sovereign immunity. Additionally, TY LIN requests that the aforementioned claims be dismissed because Plaintiff has failed to state a cause of action upon which relief can be granted that is consistent with the documents attached

and/or incorporated by reference to its Complaint thereby warranting dismissal of its claims against TY LIN as a matter of law.

**Preliminary Statement**

1. Plaintiff general contractor, POSEN CONSTRUCTION, INC. (hereinafter "Plaintiff", "POSEN" or "Contractor"), instituted this action on November 7, 2011 naming TY LIN as a defendant. TY LIN is identified as the civil and structural engineering firm that performed construction engineering and inspection ("CEI") services in connection with a project involving the widening of Summerlin Road from four to six lanes between Cypress Lake Drive and Boy Scout Drive, and construction of a four-lane overpass at College Parkway (hereinafter the "Project") (*See* Complaint, ¶¶4, 8).

2. Count VI of POSEN's Complaint is against TY LIN for Negligent Misrepresentation and Count VII of POSEN's Complaint is against TY LIN for Negligence.

3. Plaintiff's Complaint, while replete with 190 paragraphs (not including subparts) of general allegations (269 in total -- hardly a "short and plain statement" of facts) with 37 exhibits, still fails to allege ultimate facts consistent with documents referenced and incorporated therein to show why TY LIN should be deprived of sovereign immunity granted by Florida Statute §768.28(9)(a) and further fails to assert a viable claim against TY LIN for either Negligent Misrepresentation or Negligence in fact and in law.

4. Florida Statute §768.28(9)(a) and (10)(e) immunize from suit, as agents of the State of Florida, engineering firms like TY LIN that provide construction engineering and inspection services for governmental entities such as LEE COUNTY (hereinafter the "COUNTY").

5. No contract is alleged to exist between POSEN and TY LIN. TY LIN contracted with the COUNTY to perform CEI services; therefore, TY LIN owes a duty arising therefrom to the

COUNTY, not POSEN nor has a proper basis been asserted to exempt TY LIN from immunity conferred by Florida Law.

## MEMORANDUM OF LAW

### Standard of Review – Motion to Dismiss

6. When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,1950 (2009); *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").

7. Further, "the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. However, where the plaintiff refers to certain documents in the complaint and these documents are central to the plaintiffs' claim, then the court may consider the documents part of the pleadings for purposes of a Rule 12(b)(6) dismissal, and the defendant's attaching such document to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.2d 1364 (11th Cir. 1997); *Schoenfisch v. G.E.*, 2000 U.S. Dist. LEXIS 12665 (M.D. Fla. July 14, 2000). Pursuant to Fed. R. Civ. P. 10(c), a party may attach exhibits or writings to the pleading, thereby making the exhibits part of the pleading for all purposes. Additionally, if the pleader merely refers to a written instrument, the opponent may attach that instrument so long as it is referred to in the first pleading, is indisputably authentic, and is "central" to the pleaders claim. *See U.S. v.*

*Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Similarly, where an attachment reveals a "built-in" defense that bars recovery as a matter of law, the court may grant dismissal. *See Hamilton v. O'Leary*, 976 F. 2d 341 (7th Cir. 1992).

**Exhibits to Plaintiffs' Complaint**

8. The Plaintiff Contractor attaches its agreement with the COUNTY (hereinafter "O/C Agreement") dated January 15, 2008 to its Complaint as Exhibit "A" (*See* Complaint, ¶¶2, 192). No contract between the COUNTY and TY LIN is attached and no contract exists between POSEN and TY LIN.

9. However, Plaintiff makes references to TY LIN's contractual responsibilities in connection with the Project in paragraph 233. No contractual responsibilities can exist, however, but for TY LIN's contract with the COUNTY.[1] The Plaintiff's reference to TY LIN's responsibilities is set forth by Plaintiff as follows:

> TY LIN's representations regarding the fill material were false, and exceeded the scope of their contractual responsibilities regarding the project."
> (Complaint, ¶233).

10. Accordingly, Plaintiff's reference to such contractual obligations remains indisputably central to its claim against TY LIN. As such, a copy of TY LIN's Professional Services Agreement with the COUNTY (hereinafter "PSA Agreement") is attached hereto as ***Exhibit #1*).**

---

1. Assuming Plaintiff's reference is not to TY LIN's contractual obligations owed to the COUNTY but to the COUNTY's contractual obligations owed to POSEN, this position would further underscore TY LIN's immunity as an agent of the State acting within the scope of its contract in connection therewith. Stated another way, to the extent TY LIN's actions constitute an act outside of the COUNTY's contractual responsibilities owed to POSEN, they would nonetheless have been undertaken as the COUNTY's "agent" and therefore subject to immunity. *See infra,* ¶13.

11. In addition to the Exhibits attached and thereby incorporated into the Complaint, Plaintiff also references the Supplemental General Conditions of the Contract (*See* Complaint, ¶31), which are (in any event) incorporated through the O/C Agreement attached as Exhibit "A" (*See* Article 4 to O/C Agreements stating that "the Contractor shall furnish all labor, equipment, and materials and perform work. . . in strict accordance with the General Conditions, Supplementary Conditions, Plans and Specifications and other Contract Documents, ***all of which are made part hereof***…"(O/C Agreement, E-2) (emphasis added).

12. Based on the foregoing documents, incorporated by reference, it is clear that TY LIN is entitled to the sovereign immunity granted by Florida Statute §768.28(9)(a) and (10)(e).

### **Plaintiff's Claims Against TY LIN Are Prohibited Based On Sovereign Immunity Pursuant To §768.28, Fla. Stat.**

13. Fla. Stat. §768.28(9)(a) provides:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

14. The COUNTY is, as alleged, a political subdivision of the State of Florida and the Owner under the Owner/Contractor Agreement attached to the Complaint as Exhibit "A" (*See* Complaint ¶¶2, 3).

15. There is no factual basis for the conclusory assertion that TY LIN acted outside the course and scope of its employment for and on behalf of the COUNTY.

16. Florida Statue §768.28(10)(e) states that engineering firms, like TY LIN, which provide construction engineering inspection services for the state or its subdivisions, such as the COUNTY, are immune from suit while acting within the scope of their contracts to ensure the projects are constructed in conformity with the COUNTY's plans, specifications, and contract provisions:

> For purposes of this section, a professional firm that provides monitoring and inspection services of the work required for state roadway, bridge, or other transportation facility construction projects, or any of the firm's employees performing such services, shall be considered agents of the Department of Transportation while acting within the scope of the firm's contract with the Department of Transportation to ensure that the project is constructed in conformity with the project's plans, specifications, and contract provisions. Any contract between the professional firm and the state, to the extent permitted by law, shall provide for the indemnification of the department for any liability, including reasonable attorney's fees, incurred up to the limits set out in this chapter to the extent caused by the negligence of the firm or its employees. This paragraph shall not be construed as designating persons who provide monitoring and inspection services as employees or agents of the state for purposes of chapter 440. This paragraph is not applicable to the professional firm or its employees if involved in an accident while operating a motor vehicle. This paragraph is not applicable to a firm engaged by the Department of Transportation for the design or construction of a state roadway, bridge, or other transportation facility construction project or to its employees, agents, or subcontractors.

17. TY LIN is a professional firm engaged by a subdivision of the state to provide monitoring and inspection services of work required for state roadway, bridge, or other

transportation facility construction projects. The engineering services performed by TY LIN are expressly set forth in TY LIN's PSA Agreement and are consistent with those services the legislature expressly recognized as protected by sovereign immunity under Florida law. Specifically, the scope of services states that TY LIN will "observe the contractor's on-site construction operations as required to determine that the quality of workmanship and materials is ***such that the project will be completed in reasonable conformity with the plans, specifications and other contractual provisions***.." (PSA Agreement, Scope of Services, §2, a).

18. Indeed, Plaintiff acknowledges that TY LIN was acting as a representative of the COUNTY, even at the time the alleged "misrepresentations" were made, which are the basis for its claims against TY LIN (*See* Complaint, ¶¶38, 40, 41). Notably, Plaintiff refers to TY LIN as the County's representative several times throughout the 269 paragraphs in its Complaint. (*See e.g.*, Complaint, ¶¶41, 91, 111, 136, 189).

19. TY LIN's PSA Agreement (relied on by Plaintiff) does not provide that TY LIN will furnish "design services"; therefore, Plaintiff's allegation stating that "T.Y. Lin performed various engineering, design, or other related professional services in connection with the Project" (*see* Complaint, ¶240) is insufficient to state a proper basis for a claim and circumvent the immunity provided under Fla. Stat. §768.28(9)(a) and (10)(e).

20. TY LIN's contract makes clear that TY LIN provided construction engineering and inspection services, but did not design, supervise or direct control of POSEN. At all times material TY LIN acted within the scope of its employment and in good faith while performing services in connection with the Project on behalf of the COUNTY.

21. Accordingly, Plaintiff is prohibited from naming and suing TY LIN as a defendant in this lawsuit because TY LIN was providing inspection and monitoring services to the COUNTY

7

and there is no basis to deprive TY LIN of sovereign immunity pursuant to Florida Statute §768.28(9)(a).

**Plaintiff's Claim For Negligent Misrepresentation Against
TY LIN Fails As A Matter of Law**

22. Count VI of Plaintiff's Complaint is against TY LIN for Negligent Misrepresentation, but the lacks requisite factual basis to survive a motion to dismiss failing to set forth ultimate facts sufficient to state a valid cause of action.

23. To state a claim for Negligent Misrepresentation under common law the issues the Plaintiff must prove are set forth as follows:

> 1) whether defendant made a statement concerning a material fact that he/it believed to be true but which was in fact false;
>
> 2) whether defendant was negligent in making the statement because he/it should have known the statement was false;
>
> 3) whether in making the statement, defendant intended or expected that another would rely on the statement; and
>
> 4) whether [the Plaintiff] justifiably relied on the false statement.

*See* Fla. Std. Jury Instr. (Civ.) 409.8

24. Plaintiff relies on two statements made by TY LIN as a basis for the first two elements of its claim; yet, Plaintiffs allegations, on their face, do not demonstrate TY LIN's statements were in fact false, much less a basis for why TY LIN should have known they were false.

25. As to TY LIN's alleged "misrepresentations", Plaintiff states as follows:

> On or about July 29, 2009, TY LIN reported to POSEN that "[n]o MSE wall backfill material is to be placed until approval is received from the Engineer of Record" and that there would be no "payment for the MSE Wall, until all required certifications have been received." (Complaint ¶¶39, 228).

26. Plaintiff asserts, "subsequently, though" TY LIN represented that:

>Lee County D.O.T. has approved the fill material from the Veronica
>Shoemaker tested stockpile only, for the MSE wall, please proceed
>with operations. (Complaint, ¶¶41, 229).

27. The above referenced representations can be easily understood in the factual context supported by the project documents;[2] however, even when viewed in a light most favorable to the Plaintiff, the statements are neither inconsistent nor sufficient to support a claim for misrepresentation.

28. Further, Plaintiff offers the following statement by TY LIN, although referenced as stated by the County (Complaint, ¶232), to support its claim that the above-referenced statements previously made are logically inconsistent and therefore constitute a "misrepresentations" of material fact that TY LIN knew or should have known to be false:

>***As of 8-31-2009*** the fill material that is currently in place and the
>stockpile at Veronica Shoemaker Blvd. is rejected for use based on
>test results received to date. (*See* Exhibit "4" to Complaint)(emphasis
>added).

29. Plaintiff's allegations reference the latter part of this statement in paragraphs 44 and 232 (merely stating that "the County stated that the fill material was not acceptable" - somewhat mischaracterizing the facts to its advantage), yet conveniently omits the "built-in" defense that demonstrates the prior representation regarding the County's approval is neither inconsistent nor "false" as so alleged,[3] but in fact suggests the statement was likely true at the time it was made.

---

2. POSEN was expressly advised (numerous times) to proceed ***at its own risk*** until final test results/approvals regarding POSEN's proposed fill material were received verifying POSEN's emphatic claims that the proposed fill material complied with the contract specification requirements (TY LIN would be prepared to offer evidence of this fact if this issue were before the Court).
3. *See* Complaint, ¶234 (providing "[a]t the time of TY LIN's representations, T.Y. LIN either knew or should have known that the representations were false, or made the representations without knowledge of, or without regard for, their truth or falsity.")

30. Not only are the first two elements of Plaintiff's claim regarding TY LIN's alleged "misrepresentation" insufficient to state a cause of action, but the fourth element regarding POSEN's "justifiable reliance" is expressly contradicted by the contract documents, which provide that "***neither observations by the Owner's Representative, nor inspections, tests or approvals by persons other than the Contractor shall relieve the Contractor from his obligations to perform work in accordance with the requirements of the Contract Documents.***" (General Conditions, §13.3).[4] As such, POSEN was never relieved from its obligation to provide fill material in conformance with the contract documents and it was POSEN who fell short in the performance of its contractual obligations, not TY LIN or the COUNTY. Even accepting POSEN's allegations to be true, any reliance on such allegations by POSEN is unjustified.

31. Moreover, there is nothing alleged or included in the documents to suggest that TY LIN's representations regarding the County's approval exceeded the scope of the consultant's contractual responsibilities. In contrast, the representation was expressly made on behalf of the COUNTY demonstrating that TY LIN was acting within its scope as an agent of the COUNTY.[5]

---

4. Section 13.2.1 of the Supplementary General Conditions provides:

> The Owner's Representative shall have the right to require all materials be submitted to tests prior to incorporation in the Work. In some instances, it may be expedient to make these tests at the source of supply, and for this reason, it is required that the Contractor furnish the Owners Representative with the information concerning the location of his source before incorporating the material in the work. ***This does not in any way obligate the Owner's Representative to perform tests for acceptance of material and does not relieve the Contractor of his responsibility to furnish satisfactory material.*** (emphasis added)

5. To the extent the contractual responsibility referenced by POSEN in paragraph 233 refer to TY LIN's PSA Agreement with the COUNTY, it is therefore central to its Claim, and properly subject to consideration in connection therewith by this Court. *See supra*, ¶¶ 7, 9.

32. Accordingly, Plaintiff's claim for Negligent Misrepresentation against TY LIN fails as a matter of law and should be dismissed.

### Plaintiff's Claim for Negligence Against TY LIN Fails As A Matter Of Law Because No Duty Is Owed

33. As to Count VII of Plaintiff's Complaint against TY LIN for Negligence (also applicable to its claim for negligent representation), POSEN has failed to state a cause of action because there is no duty owed to the Contractor by TY LIN as a matter of law.

34. As the basis for its Negligence claim, Plaintiff relies on TY LIN's *responsibilities* claiming that TY LIN "was and is responsible for supervising some or all of POSEN's work under the Contract, and ultimately certifying to the County that POSEN's work is performed in accordance with the Contract." (*See* Complaint ¶240).

35. Notwithstanding the lack of factual support for these alleged "responsibilities", such allegations are contradicted by TY LIN's PSA Agreement with the COUNT; therefore, as a matter of law such allegations cannot be accepted as true simply because of Plaintiff's incorrect statement. As such, no duty can be owed to POSEN based thereon.

36. The basic crux of Plaintiff's claim for Negligence first turns on whether TY LIN had a duty to the Plaintiff Contractor. Florida Courts have consistently held that the threshold issue of whether a defendant owes a duty to plaintiff is a question of law for the courts to decide. *Florida Power & Light Co. v. Periera*, 705 So. 2d 1359 (Fla. 1998). While Florida law recognizes that negligence actions may be brought against professional engineers, *see e.g. Moransais v. Heathman*, 744 So. 2d 973 (Fla. 1999), the finding of a duty in many of these cases presupposes a contractual

obligation or duty owed to the claimant; however, where no express or implied obligation to claimant exists, there is no duty owed.[6]

37. Further, where a duty exists, but is owed to another party, a third party cannot state a claim based on the underlying relationship unless the third party is an intended beneficiary of the relationship (similar to a contractual third party beneficiary analysis). TY LIN owes a duty to the COUNTY in connection with the Project, not POSEN.

38. In *Florida Bldg. Inspection Services, Inc. v. Arnold Corp.*, 660 So. 2d 730 (Fla. 3d DCA 1995) the Court applied existing Florida principles and found no indication that services provided by a building inspection company were intended to benefit the a third party sublessee, not in privity with the inspector. *Id.* at 733. The Third District Court of Appeals found that the inspection company was hired for the purpose of identifying problems, and that the intent of the report was not to benefit potential purchasers or subleasers. *Id*. The Court held, "the tort liability of a supplier of information is limited to the persons 'for whose benefit and guidance' the information was intended to be supplied." *Id*. (*citing* Restatement (Second) of Torts §552, cmts. h & i). Like the inspection company in *Florida Bldg. Inspection Services*, TY LIN was hired for the purpose of providing inspection services for the benefit of the COUNTY, not for the benefit of the general contractor. Therefore, Plaintiff cannot attempt to assert something akin to third-party beneficiary status in the context of a negligence action.

39. A design professional can also be subject to liability in tort when contracting in a "supervisory capacity"; however, absent a factual/contractual basis to support this responsibility, no duty is extended. In *A.R. Moyer, Inc. v. Graham*, 285 So.2d 397 (Fla. 1973), the Florida

---

6. A court must interpret a contract as written. *Beach Street Bikes, Inc. v. Bourgett's Bike Works, Inc.*, 900 So. 2d 697 (Fla. 5th DCA 2005). And, no contracting party has any obligation greater than that promised in its contract. *Lochrane Engineering, Inc. v. Willingham Realgroth Inc. Fund, Ltd.*, 552 So. 2d 228 (Fla. 5th DCA 1989).

Supreme Court recognized that a "supervising architect" owes a duty of care to a general contractor regardless of the lack of privity between the architect and the contractor. *Id.*; s*ee also Spancrete, Inc. v. Frazier*, 630 So. 2d 1197 (Fla. 3d DCA 1994). However, the Florida Supreme Court later ruled that *Moyer* is confined strictly to its facts. *Casa Clara Condo. Assoc., Inc. v. Toppino*, 620 So. 2d 1244, 1248 (Fla. 1993). Florida courts have further distinguished *Moyer* where a supervisory role is not established and/or contradicted by controlling documents. *McElvey, Jenneweis, Stefany, Howard, Inc. v. Arlington Electric, Inc.*, 582 So.2d 47 (Fla. 2d DCA 1990), *cause dismissed*, 587 So. 2d 1327 (Fla. 1991). In *McElvey,* the Court refused to extend *Moyer* to a non-supervising architect sued by a subcontractor. *Id.*; *see also Hewett-Kier Construction, Inc. v. Ramos*, 775 So.2d 373 (Fla. 4th DCA 2000) wherein the "special relationship" alleged was refuted by the architect's contract attached to the Motion to Dismiss (order dismissed, reversed in favor of contractor's complaint stating cause of action against architect because the trial court improperly considered matters outside the pleading; presumably, if, as is the case here, the Contract had been "of record," the Court would have upheld the dismissal). Florida Courts have also been reluctant to extend the application of the Restatement (2d) of Torts, §552 in negligence actions where privity is lacking. *See Spancrete,* 630 So.2d 1197; *City of Tampa v. Thornton-Tomasetti, P.C.*, 646 So.2d 279 (Fla. 2d DCA 1994); *Pulte Home Corp. v. Osmose Wood Preserving*, 60 F.3d 374 (11th Cir. 1995).

40. Accordingly, Florida law does not extend a duty of care to a general contractor from a non-supervisory design professional with whom there is no privity. Here, the O/C Agreement and the PSA Agreement (which are "of record" through Plaintiff's incorporation by reference) clearly demonstrate that TY LIN had no authority or obligation to ***supervise*** POSEN. (*See* PSA Agreement).

### Administrative Code Sections Relied on by Plaintiff Do Not Expressly or Impliedly Provide for A Civil Cause of Action

41. Plaintiff next attempts to assert that TY LIN owes a duty pursuant to Florida Administrative Code §§61G15-19.001(4) and 61G15-19.001(15), which set forth the rules adopted by the Board of Professional Engineers authorizing imposition of disciplinary sanctions against licensed engineers. To interpret this administrative code section as giving rise to a private cause of action is in contravention of Florida law. *See. e.g., Murthy v. Sinha Corp.,* 644 So. 2d 983 (Fla. 1994)(holding administrative remedies against a qualifying agent do not provide for a civil cause of action). In *Murthy*, the Florida Supreme Court held that absent express legislative intent to create a cause of action, the Court should not construe one to arise from administrative proceedings:

> Fla. Stat. Ch. 489 establishes licensing procedures and regulatory duties for the construction industry and created the Construction Industry Licensing Board to enforce the performance of these procedures and duties. There is no evidence in the language of the statute or the statutory structure that a private cause of action against a qualifying agent was contemplated by the legislature in enacting this statute. Rather, the language of Fla. Stat. Ch. 489 indicates that it was created merely to secure the safety and welfare of the public by regulating the construction industry. In general, a statute that does not purport to establish a civil liability but merely makes provision to secure the safety or welfare or the public as an entity, will not be construed as establishing a civil liability. *Murthy*, 644 So. 2d at 986

42. The Administrative Code sections relied on by Plaintiff reference Florida Statute 471.033, which governs disciplinary proceedings that may be imposed by the Board and grounds therefore. (*See* Complaint, ¶243). Similarly, the purpose of Chapter §471.033, Florida Statutes is to "regulate the practice of engineering in this state". §471. 001, Fla. Stat. (setting forth its purpose).

43. Moreover, absent express legislative intent, inferring a civil cause of action from a statute/regulation is improper given the nature of sections referenced therein. *See Camejo v. Dept. of Bus. & Prof. Reg.*, 812 So. 2d 583 (Fla. 3d DCA 2002)(finding that because Chapter 489.129

14

authorizes the Contractor's Licensing Board to impose disciplinary sanctions upon licensed contractors, the Statute must be *strictly construed* due to its penal nature)(emphasis added).

44. Accordingly, Plaintiff's attempt to rely on the Florida Administrative Code to impose another non-existent duty upon TY LIN's is without merit and as no other viable basis to impose such a duty has been asserted, Plaintiff's claim against TY LIN for Negligence should be dismissed.

45. As a matter of law, POSEN's claims for Negligent Representation and Negligence against TY LIN should be dismissed for failure to state a cause of action.

**WHEREFORE,** on the basis of the above and foregoing grounds, Defendant, T.Y. LIN INTERNATIONAL, moves this Court to dismiss Counts VI and VII of Plaintiffs' Complaint against TY LIN with prejudice and for any and all other relief this Court deems just and equitable under the circumstances.

Date: December 7, 2011            BY:__/s/ *Jon D. Derrevere*_____
                                  JON D. DERREVERE, ESQ.
                                  FBN: 330132
                                  *Attorney for T.Y. LIN International*
                                  DERREVERE, HAWKES, BLACK & COZAD
                                  2005 Vista Parkway, Suite 210
                                  West Palm Beach, FL  33411
                                  Telephone:  (561) 684-3222
                                  Fax:  (561) 640-3050
                                  Email:  jdd@derreverelaw.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on December 7, 2011, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notice of filing to all counsel of record by operation of the Court's electronic filing system and all parties may access this filing through that system.

                                BY:__/s/ *Jon D. Derrevere*_____
                                JON D. DERREVERE, ESQ.
                                FBN: 330132
                                *Attorney for T.Y. LIN International*
                                DERREVERE, HAWKES, BLACK & COZAD
                                2005 Vista Parkway, Suite 210
                                West Palm Beach, FL  33411
                                Telephone:  (561) 684-3222
                                Fax:  (561) 640-3050
                                Email:  jdd@derreverelaw.com