UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.: 2:11-CV-640-FTM-36DNF

POSEN CONSTRUCTION, INC., a foreign
corporation, and SAFECO INSURANCE
OF AMERICA, a foreign corporation,

   Plaintiffs,

v.

LEE COUNTY, a political subdivision of the
State of Florida; T.Y. LIN INTERNATIONAL,
a foreign corporation; CPH ENGINEERS, INC.,
a Florida corporation; and STEPHEN N.
ROMANO, P.E., an individual,

   Defendants.
_____/

## DEFENDANT, T.Y. LIN INTERNATIONAL'S ANSWER & AFFIRMATIVE DEFENSES TO POSEN & SAFECO's AMENDED COMPLAINT

COMES NOW, Defendant, T.Y. LIN INTERNATIONAL (hereinafter "TY LIN"), by and through the undersigned counsel and files/serves this Answer and Affirmative Defenses to Plaintiffs, POSEN CONSTRUCTION, INC. ("POSEN") and SAFECO INSURANCE OF AMERICA's Amended Complaint filed February 15, 2013 [D.E. 83], as follows:

### Parties, Jurisdiction and Venue

1. TY LIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 1 and therefore, denies these allegations and demands strict proof thereof.

2. TY LIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 2 and therefore, denies these allegations and demands strict proof thereof.

### THE PARTIES

3. TY LIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 3 and therefore, denies these allegations and demands strict proof thereof.

4. Paragraph 4 is admitted.

5. It is admitted that TY LIN is a licensed engineering foreign corporation conducting certain business in the State of Florida.

6. TY LIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 6 and therefore, denies these allegations and demands strict proof thereof.

7. TY LIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 7 and therefore, denies these allegations and demands strict proof thereof.

### ALLEGATIONS COMMON TO ALL COUNTS

8. TY LIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 8 and therefore, denies these allegations and demands strict proof thereof.

9. TY LIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 9 and therefore, denies these allegations and demands strict proof thereof.

10. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 10 and therefore, denies these allegations and demands strict proof thereof.

11. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 11 and therefore, denies these allegations and demands strict proof thereof.

12. With regard to Paragraph 12, the Notice to Proceed speaks for itself.

13. Paragraph 13 is denied as it pertains to TYLIN and it demands strict proof thereof.

14. Paragraph 14 is denied as it pertains to TYLIN and it demands strict proof thereof.

15. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 15 and therefore, denies these allegations and demands strict proof thereof.

16. Paragraph 16 is denied as it pertains to TYLIN and it demands strict proof thereof.

17. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 17 and therefore, denies these allegations and demands strict proof thereof.

18. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 18 and therefore, denies these allegations and demands strict proof thereof.

19. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 19 and therefore, denies these allegations and demands strict proof thereof.

20. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 20 and therefore, denies these allegations and demands strict proof thereof.

21. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 21 and therefore, denies these allegations and demands strict proof thereof.

22. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 22 and therefore, denies these allegations and demands strict proof thereof.

23. Paragraph 23 is denied as it pertains to TYLIN and it demands strict proof thereof.

24. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 24 and therefore, denies these allegations and demands strict proof thereof.

25. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 25 and therefore, denies these allegations and demands strict proof thereof.

26. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 26 and therefore, denies these allegations and demands strict proof thereof.

27. Paragraph 27 is denied as it pertains to TYLIN and it demands strict proof thereof.

28. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 28 and therefore, denies these allegations and demands strict proof thereof.

29. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 29 and therefore, denies these allegations and demands strict proof thereof.

30. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 30 and therefore, denies these allegations and demands strict proof thereof.

31. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 31 and therefore, denies these allegations and demands strict proof thereof.

32. Paragraph 32 is denied as it pertains to TYLIN and it demands strict proof thereof.

33. Paragraph 33 is denied as it pertains to TYLIN and it demands strict proof thereof.

34. Paragraph 34 is denied as it pertains to TYLIN and it demands strict proof thereof.

35. TYLIN is without sufficient knowledge or information as to form an opinion as to the truth of the allegations in Paragraph 35 and therefore, denies these allegations and demands strict proof thereof.

36. Paragraph 36 is denied as it pertains to TYLIN and it demands strict proof thereof.

## COUNT I – BREACH OF CONTRACT
### (Against the County)

37. TYLIN hereby incorporates its responses to Paragraphs 1 - 36 above, as if fully stated herein.

38. The allegations in Paragraph 38 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

39. The allegations in Paragraph 39 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

40. The allegations in Paragraph 40(a-l) do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

41. The allegations in Paragraph 41 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

42. The allegations in Paragraph 42 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

## COUNT II – CARDINAL CHANGE DOCTRINE / QUANTUM MERUIT
(Against the County)

43. TY LIN hereby incorporates its responses to paragraphs 1-36 above as if fully stated herein.

44. The allegations in Paragraph 44 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

45. The allegations in Paragraph 45 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

## COUNT III – DECLARATORY JUDGMENT AND ASSOCIATED RELIEF
### (Against the County)

46. TYLIN hereby incorporates its responses to paragraphs 1-36 above as if fully stated herein.

47. The allegations in Paragraph 47 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

48. The allegations in Paragraph 48 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

49. The allegations in Paragraph 49 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

50. The allegations in Paragraph 50 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

51. The allegations in Paragraph 51 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

52. The allegations in Paragraph 52 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

## COUNT IV – VIOLATION OF FLORIDA STATUTE §218.735
### (Against the County)

53. TYLIN hereby incorporates its responses to paragraphs 1-36 above as if fully stated herein.

54. The allegations in Paragraph 54 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

55. The allegations in Paragraph 55 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

56. The allegations in Paragraph 56 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

57. The allegations in Paragraph 57 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

58. The allegations in Paragraph 58 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

59. The allegations in Paragraph 59 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

60. The allegations in Paragraph 60 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

## COUNT V – DECLARATORY JUDGMENT AND ASSOCIATED RELIEF
(Against the County)

61. TYLIN hereby incorporates its responses to paragraphs 1-36 above as if fully stated herein.

62. The allegations in Paragraph 62 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

63. The allegations in Paragraph 63 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

64. The allegations in Paragraph 64 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

65. The allegations in Paragraph 65 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

66. The allegations in Paragraph 66 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

67. The allegations in Paragraph 67 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

68. The allegations in Paragraph 68 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

69. The allegations in Paragraph 69 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

70. The allegations in Paragraph 70 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

71. The allegations in Paragraph 71 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

## COUNT VI – NEGLIGENT MISREPRESENTATION
### (Against TY LIN)

72. TY LIN hereby incorporates its responses to paragraphs 1-36 above as if fully stated herein.

73. Paragraph 73 is denied as phrased and TY LIN demands strict proof thereof.

74. Paragraph 74 is denied and TY LIN demands strict proof thereof.

75. Paragraph 75 is denied as phrased and TY LIN demands strict proof thereof.

76. With regard to Paragraph 76, it is admitted that the County issued POSEN a stop work order. All other allegations are denied as it pertains to TY LIN and it demands strict proof thereof.

77. Paragraph 77 is denied and TYLIN demands strict proof thereof.

78. Paragraph 78 is denied and TYLIN demands strict proof thereof.

79. Paragraph 79 is denied and TYLIN demands strict proof thereof.

80. Paragraph 80 is denied and TYLIN demands strict proof thereof.

81. Paragraph 81 is denied and TYLIN demands strict proof thereof.

## COUNT VII – NEGLIGENCE
### (Against TY LIN)

82. TYLIN hereby incorporates its responses to paragraphs 1-36 above as if fully stated herein.

83. Paragraph 83 is denied as phrased and TYLIN demands strict proof thereof.

84. Paragraph 84 is denied and TYLIN demands strict proof thereof.

85. Paragraph 85 is denied and TYLIN demands strict proof thereof.

86. Paragraph 86 is denied and TYLIN demands strict proof thereof.

87. Paragraph 87 is denied and TYLIN demands strict proof thereof.

## COUNT VIII – NEGLIGENCE
### (Against CPH)

88. TYLIN hereby incorporates its responses to paragraphs 1-36 above as if fully stated herein.

89. The allegations in Paragraph 89 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

90. The allegations in Paragraph 90 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

91. The allegations in Paragraph 91 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

92. The allegations in Paragraph 92 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

93. The allegations in Paragraph 93 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

94. The allegations in Paragraph 94 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

95. The allegations in Paragraph 95 do not pertain to TY LIN; however, to the extent such allegations can be construed against TY LIN, they are denied and TY LIN demands strict proof thereof.

96.     The allegations in Paragraph 96 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

97.     The allegations in Paragraph 97 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

### COUNT IX – NEGLIGENCE
(Against Romano)

98.     TYLIN hereby incorporates its responses to paragraphs 1-36 above as if fully stated herein.

99.     The allegations in Paragraph 99 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

100.    The allegations in Paragraph 100 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

101.    The allegations in Paragraph 101 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

102.    The allegations in Paragraph 102 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

103. The allegations in Paragraph 103 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

104. The allegations in Paragraph 104 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

105. The allegations in Paragraph 105 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

106. The allegations in Paragraph 106 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

107. The allegations in Paragraph 107 do not pertain to TYLIN; however, to the extent such allegations can be construed against TYLIN, they are denied and TYLIN demands strict proof thereof.

108. All allegations in Plaintiff's Complaint which have not been specifically admitted are denied and Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

109. As and for its *First Affirmative Defense*, Defendant affirmatively asserts that at the time and place so alleged, the Plaintiff's own carelessness and/or negligence was the sole cause, or a contributory cause, of the alleged damages and, therefore, Plaintiff is precluded from recovery herein or said recovery is diminished in proportion to said negligence.

110. As and for its *Second Affirmative Defense*, Defendant affirmatively asserts that at all times material hereto, any eventual verdict obtained by Plaintiff must be reduced by any payment previously received or hereinafter received by the Plaintiff from others for payment or settlement of the cause of action alleged, as pursuant to Florida Statutes Section 768.041.

111. As and for its *Third Affirmative Defense*, Defendant affirmatively asserts that at all times material hereto, in any eventual verdict that is returned such that Florida Statutes Section 768.78 becomes applicable, this Defendant is entitled to the benefits and protections embodied in said Florida Statute.

112. As and for its *Fourth Affirmative Defense*, Defendant affirmatively asserts that at all times material hereto, in the case an eventual verdict is obtained and subsequent judgment entered so as to make Florida Statutes Section 768.81 applicable, Defendant is entitled to the benefits and protections of said statute to include, but not limited to, entry of judgment based only upon the percentage of fault of this answering Defendant.

113. As and for its *Fifth Affirmative Defense*, Defendant affirmatively asserts that at all times material hereto, it is entitled to the benefits and protections of Florida Statutes Section 768.76 in that Defendant is entitled to a set-off for all payments made to Plaintiff by collateral sources.

114. As and for its *Sixth Affirmative Defense*, Defendant affirmatively states that at all times material hereto, Plaintiff's claims are barred by sovereign immunity afforded to Defendant pursuant to Florida Statute §768.28(a) and 10(e).

115. As and for its *Seventh Affirmative Defense*, Defendant affirmatively asserts that, at all times material hereto, Plaintiff's claims are barred, in whole or in part, by the doctrine of

avoidable consequences, as Plaintiff, through reasonable diligence, could have avoided some or all of the alleged damages described in the Complaint.

116. As and for its *Eight Affirmative Defense*, Defendant affirmatively states that at all times material hereto, Plaintiff's claims against TYLIN are barred, in whole or in part, by the doctrine of unclean hands. Any and all delays which may have been associated with the project were solely the result of the Plaintiff's failure to comply with the provisions of the contract, specifications and other incorporated contract documents, and the Plaintiff's failure to abide by those requirements independent of any other Party. Plaintiff was expressly advised on multiple occasions it may proceed at its own risk until final testing results/approvals regarding Plaintiff's proposed fill material were received verifying Plaintiff's representations that the fill material complied with the contract specifications.

117. As and for its *Ninth Affirmative Defense*, Defendant affirmatively states that to the extent Plaintiff has been damaged, said damage was proximately caused by the acts of third parties not under the control of Defendant who may be identified through discovery. *Fabre v. Marin*, 623 So. 2d 782 (Fla. 1993).

118. As and for its *Tenth Affirmative Defense*, Defendant affirmatively states that to the extent Plaintiff has been damaged as alleged, Plaintiff failed to take steps necessary in order to mitigate its damages and, as such, Plaintiff should be held accountable.

119. As and for its *Eleventh Affirmative Defense*, Defendant affirmatively asserts that Plaintiff failed to exercise reasonable care and caused the damage that it currently claims against others in the Complaint by knowingly bringing contaminated material to the Project.

120. As and for its *Twelfth Affirmative Defense*, Defendant affirmatively asserts that Plaintiff's action for negligence is barred by the applicable statute of limitations, as pursuant to Florida Statutes Section 95.11(3)(a).

121. As and for its *Thirteenth Affirmative Defense*, Defendant affirmatively asserts that Plaintiff failed to state a cause of action for negligence or negligent misrepresentation against TY LIN upon which relief may be granted, and therefore, Plaintiff's claims should be dismissed. Plaintiff fails to establish any legal duty, misrepresentation or justifiable reliance.

122. As and for its *Fourteenth Affirmative Defense*, Defendant affirmatively asserts that TY LIN adopts and incorporates any and all defenses of all other defendants to the extent those defenses are applicable to TY LIN.

123. As and for its *Fifteenth Affirmative Defense*, Defendant affirmatively asserts that the incident described in the Complaint occurred outside the scope and course of its relationship and/or agreement with the Plaintiff. Therefore, Defendant is relieved of any liability to Plaintiff.

124. As and for its *Sixteenth Affirmative Defense*, Defendant affirmatively asserts that Plaintiff's claim of negligence is barred insomuch as Florida law does not extend a duty of care to a general contractor from a non-supervisory design professional with whom there is no privity, therefore Plaintiff's negligent action should be dismissed.

125. As and for its *Seventeenth Affirmative Defense*, Defendant affirmatively asserts that to the extent Plaintiff has been damaged, Plaintiff is barred from recovery by the Doctrine of Estoppel and Waiver. Specifically, Plaintiff knew or should have known of the existence of the claims raised herein before completion of the project. Plaintiff appreciated the risk and proceeded at its own risk with full knowledge of the potential consequences but chose to

proceed. Plaintiff failed to cure and assert these claims. The actions of Plaintiff represent a knowing waiver of any and all claims asserted in the Amended Complaint against TY LIN.

126. As and for its *Eighteenth Affirmative Defense*, Defendant affirmatively asserts that the damages claimed by Plaintiff, if any, resulted from intervening or superseding cause and/or causes, and any action on the part of TY LIN was not the proximate and/or competent producing cause of such alleged damage.

127. As and for its *Nineteenth Affirmative Defense*, Defendant affirmatively asserts that TY LIN is entitled to attorney's fees and costs pursuant to Florida Statute 57.105 and 57.041.

128. Defendant reserves the right to bring additional affirmative defenses as they may present themselves during the course and scope of discovery.

## DEMAND FOR JURY TRIAL

129. Defendant demands trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _February 25, 2013_, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

DERREVERE, HAWKES, BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411
Telephone: (561) 684-3222
Fax: (561) 640-3050
Email: jdd@derreverelaw.com
Email: prh@derreverelaw.com
Email: bwb@derreverelaw.com

BY: _____
BRYAN W. BLACK, ESQ.
Fla. Bar. No.: 573868
*Attorneys for T.Y. Lin International*

**Posen Construction, Inc. v T.Y. Lin International, Inc.**
Case No: 2:11-CV-640FTM-99-DNF

C. David Harper, Esq.
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Tel: 813/229-2300
charper@foley.com
aalaee@foley.com
*Counsel for Plaintiff*

Brett D. Divers, Esq.
Mills Paskert Divers
100 North Tampa St., Ste. 3700
Tampa, FL 33602
Tel: 813/229-3500
bdivers@mpdlegal.com
ddawson@mpdlegal.com
*Counsel for Intervenor Plaintiff, Safeco Insurance Co. of America*

Frank A. Hamner, Esq.
Law Offices of Frank A. Hamner, P.A.
1011 N. Wymore Road
Winter Park, FL 32789
Tel: 407/645-4549
fhamner@fahpa.com
*Counsel for CPH Engineers and Stephan N. Romano, PE*

John S. Turner, Esq.
Lee County Attorney's Office
Post Office Box 398
Fort Myers, FL 33902
Tel: 239/533-2236
turnerjs@leegov.com
aroberts@leegov.com
*Counsel for Lee County*